OPINION
On March 21, 1998, appellant, Aaron B. Fisher, was one of three passengers in a vehicle being driven by Craig Springer. Mr. Springer was eighteen years old. Pickerington Police Officer Gregory Annis stopped the vehicle for speeding. While speaking with Mr. Springer, Patrolman Annis observed a bottle of cinnamon Schnapps underneath the driver's seat. Mr. Springer was arrested for underage possession of alcohol. Following the arrest, Patrolman Annis returned to the vehicle to conduct a search of the vehicle whereupon appellant produced a marijuana pipe. Thereafter, appellant was charged with possession of drug paraphernalia in violation of Pickerington City Ordinance 513.12(A)(12) or R.C.2925.14(A)(12). On July 13, 1998, appellant filed a motion to suppress claiming an illegal search. A hearing was held on November 10, 1998. By entry filed November 23, 1998, the trial court denied said motion. On December 2, 1998, appellant pled no contest. By journal entry filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail, suspended on the condition of good behavior for one year, and imposed a one hundred dollar fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN RULING THAT NO SEARCH OCCURRED WHERE THE DEFENDANT SURRENDERED CONTRABAND IN RESPONSE TO THE ARRESTING OFFICER'S STATEMENT THAT THE OFFICER WAS GOING TO SEARCH THE VEHICLE AND NEEDED TO KNOW WHAT HE WOULD FIND.
 II THE WARRANTLESS SEARCH OF THE DEFENDANT WAS NOT JUSTIFIED AS A CONSENSUAL SEARCH, OR ANY OTHER EXCEPTION TO THE WARRANT REQUIREMENT OF THE FOURTH AMENDMENT.
 I, II
Appellant's two assignments of error challenge the trial court's denial of his motion to suppress. Appellant argues his surrender of the marijuana pipe constituted an unlawful search not a consensual search. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." At the close of the suppression hearing, the trial court entered the following findings on the record: Um . . . I don't think there was a search. Uh, the, um, I think it was appropriate for the officer, uh, to go up and search the passenger compartment, but even if it were not, uh, even if it were erroneous, certainly the other gentleman, Mr., ur. . . * * * Springer may, uh, certainly may have an argument with regard to a, uh, any resulting things that were found. The officer said, I'm going to search the vehicle. Is there any, uh, and he never asked, um, or told, um, Mr. Fisher he was going to search him as a, he said he was going to search the car and then Mr. Fisher produced the, uh, the pipe, the, uh, drug, alleged drug paraphernalia. So, I see nothing wrong about the procedure followed in this mat, uh, case and I'll overrule the, uh, defendant's request for suppression.
T. at 49-50.
Patrolman Annis testified upon stopping the vehicle for speeding, he observed a bottle of Schnapps underneath the driver's seat. T. at 5. Because the driver, Mr. Springer, was eighteen years old, he was placed under arrest for underage possession of alcohol. T. at 6. Following the arrest, Patrolman Annis returned to the vehicle to conduct a search of the vehicle. T. at 7. Patrolman Annis told the passengers "I did have probable cause to search the interior of the vehicle and if there was anything else in the vehicle that we needed to know about, that they needed to come forward at that time with it." T. at 8. Thereafter, appellant produced the marijuana pipe. T. at 9, 17. Appellant was seated in the vehicle when he showed the pipe to Patrolman Annis. T. at 9-10. Patrolman Annis removed appellant from the vehicle, took the pipe from him and searched and arrested him. T. at 11-12. Appellant argues Patrolman Annis's statement to the passengers did not convey to him the right to refuse to respond. Appellant argues as a passenger he had a reasonable expectation of privacy not to be subjected to a search. In support, appellant argues the philosophy of the Supreme Court of Ohio in State v. Robinette (1997),80 Ohio St.3d 234, 245, fn. 6, is applicable sub judice: If police wish to pursue a policy of searching vehicles without probable cause or reasonably articulable facts, the police should ensure that the detainee knows that he or she is free to refuse consent despite the officer's request to search or risk that any fruits of any such search might be suppressed. While we are not mandating any bright-line test or magic words, when a police officer informs a detainee that he or she does not have to answer further questions and is free to leave, that action would weigh persuasively in favor of the voluntariness of the consent to search. * * *
Appellant also argues there was no probable cause to search him as he was merely a passenger in the vehicle. In support of this argument, appellant cites Terry v. Ohio (1968), 392 U.S. 1, wherein the United States Supreme Court sanctioned investigatory stops based upon sufficient articulable facts giving rise to a reasonable suspicion that criminal activity was occurring. Appellant argues "there was absolutely no testimony regarding any illegal activity or suspicious movements" on his part. Appellant's Brief at 11. Appellant argues his surrender of the pipe was in acquiescence to authority and was not consensual. The record does not indicate that Patrolman Annis ever intended to search the passengers. Patrolman Annis testified he intended to search the vehicle pursuant to a lawful arrest. T. at 7. The audio from the videotape (State's Exhibit 1) indicates Patrolman Annis stated he was going to "look at the rest of the vehicle." T. at 16. As he approached the vehicle, Patrolman Annis was told Mr. Springer had controlled substances on his person. T. at 7-8. Patrolman Annis did not ask any of the passengers about contraband on their persons, but did inform them that he was going to search the vehicle. T. at 8-9. Based upon the limited scope of Patrolman Annis's statement and the fact that a search of the vehicle was warranted under the "plain view" doctrine, we find appellant's surrender of the pipe was consensual and not mere acquiescence to authority. Assignments of Error I and II are denied.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Edwards, J. concur.